Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC (2022 NY Slip Op 01232)





Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC


2022 NY Slip Op 01232


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, González, Mendez, JJ. 


Index No. 652750/17 Appeal No. 15392 Case No. 2021-03180 

[*1]Berkshire Hathaway Specialty Insurance Company et al., Plaintiffs, Starr Indemnity & Liability Company, Plaintiff-Respondent,
v
H.I.G. Capital, LLC, Defendant-Appellant.


Hunton Andrews Kurth LLP, New York (Michael S. Levine of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Michele L. Jacobson of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 2, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff Starr Indemnity & Liability Company's (Starr) motion for a protective order to preclude defendant from obtaining deposition testimony regarding certain underwriting topics, unanimously affirmed, without costs.
In 2014, Starr issued defendant an excess professional liability policy (the 2014 policy). In connection with its application for the policy, defendant signed a "Warranty and Representation Letter" (the W&R Letter) representing that there were no pending claims, suits, actions, or investigations against any of the proposed insureds (except as disclosed in a "loss run" not pertinent here), and that none of the proposed insureds had any knowledge of any act, error, or omission that might give rise to such claim, suit, action, or investigation. Defendant expressly agreed that if any such "claim(s), suit(s), action(s), knowledge or information" existed, they would be "excluded from coverage."
In December 2014, the United Kingdom's Pension Regulator served a warning notice on several of defendant's affiliates, alleging improper actions relating to pensions, and warning of an intention to seek contribution. In January 2015, defendant, through its brokers, notified its insurers, including Starr, of the warning notice. Starr denied coverage. In June 2016, the Regulator served another warning notice, again seeking contribution.
In May 2017, Starr and other insurers commenced this declaratory judgment action. As pertinent on this appeal, Starr seeks a declaration that the W&R Letter precludes coverage under the 2014 policy for claims related to the Regulator's warning notices.
The court properly granted Starr's motion for a protective order. There is no dispute that Florida law applies in this action (see Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC, 172 AD3d 570, 572 [1st Dept 2019]). Defendant's contentions notwithstanding, Florida Statutes § 627.409, which relates to rescission of policies based on misrepresentations in insurance applications, does not apply in this case. Starr has made it clear that it does not seek to rescind or void the policy based on an application misrepresentation under section 627.409. Rather, Starr is solely seeking to enforce a policy exclusion based on the W&R Letter, which defendant executed. As we previously noted, the representation in that letter "was a condition precedent to coverage, [and] defined the scope of coverage that was bound" (Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC, 193 AD3d 605, 606 [1st Dept 2021]). Even if plaintiff did plead a claim under Florida Statutes § 627.409, it has withdrawn that claim. Thus, the underwriting topic points are neither material nor necessary to present a defense (see CPLR 3101[a]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: February 24, 2022